IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                              CRIMINAL ACTION NO.  3:21-00057
                                                                     3:13-00061

THOMAS RAY III

**MEMORANDUM OPINION AND ORDER**

The Court considers whether Defendant Thomas Ray III is competent to stand trial. Each party had an opportunity to present psychological reports and expert testimony as to this issue at a hearing on October 24, 2022. Based on this evidence, the Court finds that the defendant has a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and a rational as well as factual understanding of the proceedings against him.

BACKGROUND

Defendant was indicted for being a felon in possession of two firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) on April 27, 2021. ECF No. 14. The charges stemmed from conduct on October 23, 2020. *Id.* Defendant's previous felony convictions include forcible detention, giving a false bomb/gas alarm, and being a felon in possession of a firearm. *Id.*

Defense counsel first raised the question of Defendant's competency on July 15, 2021, when counsel moved for a judicial determination of mental competency. ECF No. 35. The United States did not object to this Motion, ECF No. 38, and the Court granted it on July 28, 2021, directing that Dr. Megan L. Green, Psy.D. should conduct a mental health evaluation and assess Defendant's competency, ECF No. 40. On September 22, 2021, Dr. Green submitted a report concluding that Defendant was not competent to stand trial. ECF No. 42.

Accordingly, on October 4, 2021, the Court ordered the Attorney General to hospitalize Defendant for treatment in a suitable facility for a period not to exceed four months and to determine whether there was a substantial probability that Defendant would attain the capacity to permit proceedings to move forward in the foreseeable future. ECF No. 45. Due to a clerical error, however, Defendant was not transported to a facility until March 15, 2022. ECF No. 49.

Defendant underwent a forensic psychological evaluation administered by Dr. Allyson Sharf, a Licensed Forensic Psychologist practicing with the Mental Health Department of the Federal Medical Center in Butner, North Carolina. ECF No. 57. Dr. Sharf's report was filed on July 29, 2022, and concluded that Defendant is competent to stand trial. *Id.* On August 30, 2022, the Court granted Defendant's motion to allow for an additional psychological evaluation by Dr. Green, his previous examiner. ECF No. 67. Dr. Green submitted a report on September 14, 2022 concluding that Defendant is not competent to stand trial. At the October 24, 2022 hearing, both parties stipulated that Dr. Green and Dr. Sharf are expert witnesses and that the reports should be entered into the record.

## LEGAL STANDARD

In establishing incompetence, the defendant bears the burden of proving, by preponderance of the evidence, that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. *United States v. Robinson*, 404 F.3d 850, 856 (4th Cir. 2005) (quoting 18 U.S.C. § 4241(d)). Courts apply a two-pronged test when assessing competence: to stand trial, the defendant must have both "a rational as well as factual understanding of the proceedings against him" and "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding." *United States v. Roof*, 10 F.4th 314, 341 (4th Cir. 2021) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)).

It is not enough to show that the defendant has low intelligence, mental deficiency, or bizarre and irrational behavior. *Id.* (quoting *Burket v. Angelone*, 208 F.3d 172, 192 (4th Cir. 2000)). Rather, the focus of the inquiry is the defendant's present ability to assist counsel and understand the charges. *Id.* (quoting *Burket*, 208 F.3d at 192). To find a defendant competent, a district court need only ensure the defendant has "the *capacity* to understand, the *capacity* to assist, and the *capacity* to communicate with his counsel." *Id.* (quoting *Bell v. Evatt*, 72 F.3d 421, 432 (4th Cir. 1995)).

**ANALYSIS**

Both the parties and the expert witnesses acknowledge that Defendant has a rational as well as factual understanding of the proceedings against him, meeting the first prong of the *Dusky* test. The only issue, then, is whether Defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding. After reviewing the evaluations performed and testimony presented by both Dr. Sharf and Dr. Green, the Court finds the defendant does have this ability. While assisting in his defense may be rendered more difficult and time-intensive due to his mental condition, Defendant still has the capacity to understand, assist, and communicate with his counsel.

The Court first notes that, though the conclusions of the two expert witnesses differ, their testimony and reports align on several key points. Both Dr. Sharf and Dr. Green note that Defendant has a sufficient understanding of the judicial proceedings at-large as well as those of the instant offense. They also note that, despite delusional thinking regarding counsel in previous cases, Defendant has a good working relationship with his present counsel. They also agree that Defendant's intellectual abilities are not so low as to render him incompetent to stand trial.

Dr. Sharf and Dr. Green, however, disagree as to whether Defendant's delusional thinking leaves him incompetent to stand trial. Though he exhibited delusional thinking regarding his past interactions with the judicial system, as well as his health and personal life, Dr. Sharf concluded that Defendant is still able to form a rational understanding of the criminal proceedings and his relationship with counsel in the instant offense. Dr. Sharf based this conclusion on observations of Defendant on at least fourteen occasions, in addition to interview, testing, and evaluation tools applied in accordance with her training. The Court finds her report and testimony to be sound and well-supported, and therefore gives great weight to her conclusion.

Conversely, while the Court accepts Dr. Green's diagnosis of a delusional disorder, it does not accept her conclusion that Defendant's delusions interfere with his ability to assist in his defense. Dr. Green rested this conclusion on two aspects of Defendant's delusional thinking: first, his inability to focus when discussing important matters, and second, the possibility that his delusional views about past interactions with counsel and the judicial system would arise in the present case.

These aspects do not indicate Defendant lacks the present capacity to understand, assist, and communicate with his counsel though. While Defendant's tendency to "go down a rabbit hole" when answering questions or explaining matters is well-documented, Dr. Green's most recent report also describes instances in which he was able to focus on her questions and respond with clarity. For example, as Dr. Green's report describes, Defendant was able to demonstrate an acceptable level of knowledge regarding how criminal proceedings are conducted. Her report also observes that he knew what he was being charged with and had a good relationship with his counsel. Based on her report, his delusional thinking about past events—such as previous criminal charges and the lawyers and judges involved—did not surface with respect to the instant case.

In reaching its conclusion that Defendant is competent to stand trial, the Court also considers the nature of his charges. The indictment alleges a single count—that Defendant possessed two firearms despite being previously convicted of three felony offenses. The most recent felony conviction was in this District and involved the same conduct, that of being a felon in possession of a firearm. Any potential factual disputes as to this charge at trial will therefore be relatively narrow and less likely to implicate Defendant's delusional thinking regarding previous criminal proceedings.

## CONCLUSION

Because the reports and testimony of expert witnesses indicate that Defendant has a rational as well as factual understanding of the proceedings against him and sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, the Court **FINDS** him competent to stand trial.

Additionally, noting that Dr. Green's September 2021 report, ECF No. 42, and Dr. Sharf's July 2022 report, ECF No. 57, have already been filed, the Court **DIRECTS** that the attached September 2022 report by Dr. Green also be filed **UNDER SEAL**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the U.S. Attorney's Office, the U.S. Probation Office, and the U.S. Marshal's Service.

ENTER:        October 25, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE